IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEVEN DALE ROBB,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 15-21-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Steven Dale Robb's application for writ of habeas corpus under 28 U.S.C. § 2254. Robb is a state prisoner proceeding pro se. The petition is without merit and should be denied.

**I.    Background**

In April 1998, Robb was sentenced in Cascade County, Montana, to serve 20 years for the offense of burglary and 10 years for the offense of assault (Cause No. CDC-97-372). The sentences were to run concurrently and be served at Montana State Prison (MSP). Robb was paroled in February 2005. In October of 2010, Robb's sentence was revoked, and he returned to MSP. In April 2011, Robb escaped from MSP; he was captured on June 2, 2011. He again returned to MSP to continue serving his sentence for Cause No. CDC-97-372.

On July 5, 2011, Robb was charged in the Third Judicial District Court,

Powell County, with felony escape, felony theft, and misdemeanor criminal mischief (Cause No. DC-11-46). Robb entered a change of plea from not guilty to guilty on December 20, 2011, to all three counts. In exchange for his plea, the State agreed to withdraw the Persistent Felony Offender Notification. On August 28, 2012, Robb was sentenced to ten years at MSP, with five of those years suspended for the Escape charge (Count I). This sentence was ordered to run consecutively to the Cascade County sentence in CDC-97-372. On the theft charge (Count II), Robb was sentenced to five years suspended; on the criminal mischief charge (Count III), he received a six-month sentence. The sentence on Count II was ordered to run consecutively to Count I, and Count III was ordered to run concurrently to Count I.

In its judgment for DC 11-46, the trial court referenced the prior Cascade County sentence and held: "IT IS THE FURTHER ORDER OF THIS COURT that the Defendant shall not receive any credit for time served as he was incarcerated and serving time on another sentence the entire time this case was pending and was not bondable." (Doc. 2-1) at 4.

On September 3, 2013, Robb filed a petition for post-conviction relief in the trial court, seeking credit for the 452 days he spent in prison following his capture on June 2, 2011, and prior to his sentencing on August 28, 2012. Robb sought to have this time applied to his Powell County escape charge. The trial court denied

his request for relief. Robb appealed this denial to the Montana Supreme Court.

The Montana Supreme Court also denied Robb's request seeking credit for the time he served. Citing *State v. Kime*, 43 P.3d 290 (Mont. 2002), the Court found that "a defendant's sentence may be credited with the time he . . . was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed." *State v. Robb*, 346 P.3d 1134 at *1 (citing *Kime*, 43 P.3d at 345), Order 6/3/14[1]. During the time that Robb was incarcerated between June 2011 and his sentencing in August of 2012, he was already serving time under the Cascade County burglary and assault convictions in CDC-97-372. Because an individual is not entitled to credit for time served on a prior sentence, the Court determined Robb was not entitled to credit for time served on the Cascade County burglary conviction against his Powell County escape sentence. *Id*. at *2.

Robb filed his federal habeas petition on March 5, 2015. Pet. at 8 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

**II.   Claims**

Robb claims that both the trial court and the Montana Supreme Court erred by not giving him credit of 452 days of time served toward Cause No. DC-11-46. In support of his contention, Robb relies upon Mont. Code Ann. § 46-18-403(1), which reads:

---

[1] Available at: http://supremecourtdocket.mt.gov (accessed May 12, 2015).

3

> A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

Robb reasons that the inclusion of the word "must" in this statute makes the award of time served mandatory rather than discretionary. (Doc. 2) at 2. The argument, it then follows, is that this mandatory language creates a "liberty interest" of which Robb is being denied. *Id*. at 2-3. By applying the statute permissively, Robb believes that both the trial court and the Montana Supreme Court have engaged in an overly technical statutory application, the practical effect of which has denied him a constitutional right. *Id*. Robb argues that, because he was not awarded credit for this time on the Powell County escape charge, his right to due process has been violated. *See generally* (Doc. 2).

**III. Analysis**

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). Federal habeas corpus relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *See Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). However, a state court's arbitrary disregard

of state sentencing law and imposition of an unauthorized sentence may violate a defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Robb's "due process" claim arises from what he considers to be an improper application of Mont. Code Ann. § 46-18-403 to his Powell County sentence. In the order affirming the trial court's denial of his petition for post-conviction relief, the Montana Supreme Court specifically applied this statutory provision to Robb's sentence and found that, because Robb was already serving a sentence under CDC-97-372 when he was apprehended and ultimately charged in DC-11-46, he was not entitled to credit for time served on the escape sentence. In support of its denial, the Court cited not only the very statute with which Robb takes issue but also *State v. Kime*, 43 P.3d 290 (Mont. 2014), and *State v. Pavey*, 231 P.3d 1104 (Mont 2010). The Court concluded that, as a matter of state law, the denial of credit for time served on Robb's escape charge was correct.

Such a determination is not only supported by Montana law but is also not subject to review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Moreover, a state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of

5

a due process violation.  *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), cert denied, 552 U.S. 881 (1997).

Because the trial court properly denied Robb credit for time served on his most recent conviction under Montana law, Robb cannot prevail on a due process claim in this habeas action.  Accordingly, habeas corpus relief should be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or could "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Robb has not made a substantial showing that he was deprived of a constitutional right.  There are no close questions, and there is no reason to encourage further proceedings.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Robb's petition (Doc. 1) should be **DENIED** for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Robb may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Robb must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 20th day of May, 2015.

    /s/ John Johnston
    John Johnston
    United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.