IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



STEVEN DALE ROBB,

Petitioner,

vs.

LEROY KIRKEGARD, et al.,

Respondents.

CV 15–21–H–DLC–JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his Findings and Recommendation on May 20, 2015 recommending that Robb's petition for habeas corpus be denied for lack of merit. Robb timely objected to the Findings and Recommendation, and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and

1

recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendation in full.

In April 1998, Robb was sentenced to 20 years for the offense of burglary and 10 years for the offense of assault, to run concurrently. Robb was paroled in February 2005 and revoked in October 2010. In April 2011, Robb escaped from Montana State Prison ("MSP"); he was captured on June 2, 2011 and returned to MSP. Robb was subsequently charged with, and pled guilty to, felony escape, felony theft, and misdemeanor criminal mischief. On August 28, 2012, Robb was sentenced to ten years at MSP, with five suspended, for the escape charge, to run consecutively to the Cascade County sentence. Robb was sentenced to five years suspended on the theft charge, to run consecutively to the escape charge sentence, and six-months on the criminal mischief charge, to run concurrently to the escape charge sentence. The trial court referenced the Cascade County sentence and held that Robb would not receive any credit for time served as he was serving time on another sentence and was not bondable.

Robb filed a petition for post-conviction relief in the trial court, seeking credit for the 52 days he spent in prison following his capture and prior to his sentencing. Both the trial court and the Montana Supreme Court denied his

appeal. Robb has filed his habeas corpus petition in this Court seeking credit for the time he served between his capture and sentencing.

Robb objects to Judge Johnston's findings reiterating his allegation that the trial court improperly applied the language of Mont. Code Ann. § 46-18-403, thus creating a liberty interest and violating his right to due process. It is not for this Court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This Court is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

When the Montana Supreme Court denied Rob's petition for post-conviction relief, it specifically applied Mont. Code Ann. § 46-18-403 in finding that he was not entitled to credit for time served. Further, the Montana Supreme Court cited *State v. Kime*, 43 P.3d 290 (Mont. 2002) and *State v. Pavey*, 231 P.3d 1104 (Mont. 2010), holding that as a matter of state law, the denial of credit for time served was correct. Even if the Montana Supreme Court was in error, Robb has not shown that it was fundamentally unfair. Robb cannot prevail on a due process claim in this habeas action.

There being no clear error in Judge Johnston's remaining Findings and Recommendation,

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 6) are ADOPTED in full. Robb's petition (Doc. 1) is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondent and against Petitioner.

Dated this 9th day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court